IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHAEL WIGGINS** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | **NO. 24-51** |
| | : | |
| **JEFFERSON EINSTEIN HOSPITAL** | : | |

# MEMORANDUM

**KEARNEY, J.**  October 31, 2025

A man sued his former employer for allegedly violating his employment rights in this Court years ago. He negotiated a favorable settlement requiring the employer pay him an agreed sum. The employer paid the sum but, as required by his settlement agreement, withheld taxes from the settlement amount. The former employee did not like the withholding of taxes. So he returned to our Court to *pro se* sue his former employer to recover federal tax withholdings withheld from a settlement. Chief Judge Goldberg dismissed this second lawsuit with prejudice on May 16, 2024. Our Court of Appeals affirmed the dismissal on December 9, 2024 directing the employee to seek redress with the Internal Revenue Service. The former employee now (almost eighteen months after Chief Judge Goldberg's Order) asks us to reopen his case because he has a new theory. But he still has not sought to address his claim with the Internal Revenue Service. He offers no basis to reopen his long-closed case so he can bring new theories. We deny his motion to reopen and remind the former employee of his ability to seek redress with the tax authorities.

I.  **Alleged pro se facts**

Michael Wiggins sued his former employer Jefferson Einstein Hospital alleging retaliatory discharge from his position as a security guard.[1] The parties settled in 2022.[2] The Hospital agreed to pay Mr. Wiggins "$37,000, less all applicable withholding taxes based on [Mr.] Wiggins' most current IRS W-4 form on file with [the Hospital] and other deductions required by law . . . reported on IRS Form W-2."[3] The Hospital withheld $11,967.21 in federal taxes.[4]

Mr. Wiggins turned around and *pro se* sued the Hospital to recover what he believed the correct amount owed to him under the settlement and $100,000 in punitive damages.[5] He alleged breach of contract "because [Hospital's] federal tax withholding from his settlement check was 'neither required by law nor based on any W-4 form filed by [Wiggins].'"[6] He also alleged fraudulent misrepresentation claiming the Hospital's attorneys incorrectly informed him the Hospital withheld taxes "in accordance with tax regulations."[7]

The Hospital moved to dismiss.[8] Chief Judge Goldberg dismissed his complaint on May 16, 2024.[9] The Chief Judge told Mr. Wiggins to seek a refund for wrongfully withheld taxes through a direct claim to the Internal Revenue Service.[10] Chief Judge Goldberg dismissed his claim for fraudulent misrepresentation because the claim arose from a contractual relationship.[11] Mr. Wiggins timely appealed.[12] Our Court of Appeals affirmed Chief Judge Goldberg's dismissal on December 11, 2024.[13]

II.  **Analysis**

Mr. Wiggins waited over seventeen months to *pro se* move to reopen the judgment under Federal Rule of Civil Procedure 60(b).[14] He wants to amend his case to add another theory. He does not define the specific grounds under Rule 60(b). We are mindful of Mr. Wiggins' *pro se* status. *Pro se* litigants are held to a less stringent standard than those represented by an attorney.[15]

2

We construe his motion liberally.[16] But all litigants are bound by the Rules of Civil Procedure.[17] We deny his motion after considering all possible grounds under Federal Rule 60(b).

    **A.    We do not confuse liberal amendment with reopening an affirmed judgment.**

Mr. Wiggins conflates the liberal standard for amendment under Rule 15 with the more stringent standard for relief from judgment or an order under Rule 60. The Supreme Court instructed a few months ago "Rules 60(b) and 15(a) apply at different stages of the litigation and demand separate inquiries."[18] Mr. Wiggins alleges amendment of his complaint is no longer futile because he advances an entirely new legal theory. Rule 60(b) does not encompass this form of relief. Mr. Wiggins must first assert a ground for relief under Rule 60(b) to set aside a final judgment before we can grant him leave to amend his complaint.[19]

As our Court of Appeals observed six years ago, "[i]n the post-judgment context, the narrow ground for relief set forth in Rules 59 and 60 must guide a District Court's decision about whether an otherwise final judgment should be disturbed."[20] Applying the liberal amendment standard in the post-judgment context "would sidestep the narrow grounds for obtaining post-judgment relief under Rules 59 and 60, make the finality of judgments an interim concept and risk turning Rules 59 and 60 into nullities."[21]

So we start with Rule 60(b). The Supreme Court through Rule 60(b) provides six grounds for relief from an order or judgment: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) a void judgment; (5) the judgment has been satisfied, released, or discharged or based on an earlier reversed or vacated

3

judgment or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.[22] Mr. Wiggins has not shown a basis to proceed on a Rule 60(b) ground.

**B.      Mr. Wiggins is time barred from seeking relief under Rule 60(b)(1-3).**

The Supreme Court requires Mr. Wiggins move for Rule 60(b) relief "within a reasonable time."[23] He must move for relief under Rule 60(b)(1), (2), or (3) "no more than a year from the entry of judgment or order of the date of the proceeding."[24] The one-year time frame is strictly enforced.[25]

Mr. Wiggins is time-barred by the strict one-year deadline applicable to motions seeking relief under Rule 60(b)(1-3).[26] Chief Judge Goldberg dismissed his complaint in May 2024. He now seeks to reopen the judgment over seventeen months later. Mr. Wiggins moved too late to assert alleged "mistake," "newly discovered evidence" or "fraud."

**C.      Mr. Wiggins does not plead a basis for relief under Rule 60(b)(4-6).**

Mr. Wiggins' remaining avenues for relief fall under Rule 60(b)(4), (5), and (6). He does not plead the judgment is void under Rule 60(b)(4).[27] Nor can he show the "judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable."[28]

Mr. Wiggins is left with the catchall provided in Rule 60(b)(6). But Mr. Wiggins does not plead why we should grant relief under Rule 60(b)(6). "Rule 60(b)(6) is a catchall provision [which] 'provides for extraordinary relief and may be invoked upon a showing of exceptional circumstances."[29] Rule 60(b)(6) applies only "where, without such relief, an extreme and unexpected hardship would occur."[30] Mr. Wiggins does not present why an extreme or unexpected hardship would occur if we denied his motion for relief from judgment. He can proceed with a

4

separate case if possible under Rule 11 thoughtfully considering our Court of Appeals' affirmance of Chief Judge Goldberg's dismissal before filing another lawsuit.

### III.     Conclusion

We deny Mr. Wiggins's motion without prejudice.

---

[1] *Wiggins v. Jefferson Einstein Hosp.*, No. 24-2095, 2024 WL 5074894, at *1 (3d Cir. Dec. 11, 2024).

[2] *Id.*

[3] *Id.*

[4] *Id.*

[5] *Id.* Mr. Wiggins claimed the Hospital owed him a net sum of $30,331 based on an online Pennsylvania income tax calculator. *Id.*

[6] *Id.*

[7] *Id.*

[8] *Id.* at *2.

[9] *Id.*

[10] ECF 11 at ¶14.

[11] *Id.* at ¶16.

[12] *Wiggins*, 2024 WL 5074894, at *2.

[13] *Id.* at *3.

[14] ECF 19 at 1.

[15] *Fed. Express Corp. v. Holowecki*, 552 U.S. 389, 402 (2008).

[16] *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

---

[17] *See Mulvihill v. U.S. Post Office*, No. 03-2348, 2004 WL 73976, at *1 (E.D. Pa. Jan. 14, 2004); *Roy v. U.S. Gov't at White House, D.C.*, No. 15-3538, 2017 WL 480411, at *2 (E.D. Pa. Feb. 6, 2017) (first citing *McNeil v. United States*, 508 U.S. 106, 113 (1993); and then citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)); *Muhammad v. Pa. Dep't of Educ.*, No. 18-02647, 2019 WL 1552567, at *2 (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013)).

[18] *See BLOM Bank SAL v. Honickman*, 605 U.S. 204, 213 (2025) (citing *Boyd v. Sec'y, Dep't of Corrections*, 114 F.4th 1232, 1237 (11th Cir. 2024) ("[O]nce the court has entered final judgment, Rule 15(a) no longer applies and no amendment is possible unless the judgment is first set aside.")).

[19] *Id.*

[20] *Garrett v. Wexford Health*, 938 F.3d 69, 86 (3d Cir. 2019) (quoting *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 616 (6th Cir. 2010) ("If a permissive amendment policy applied after adverse judgments, plaintiffs could use the court as a sounding board to discover holes in their arguments, then 'reopen the case by amending their complaint to take account of the court's decision.'").

[21] *Id.* (quoting *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 616 (6th Cir. 2010)).

[22] Fed. R. Civ. P. 60(b).

[23] Fed. R. Civ. P. 60(c)(1).

[24] *Id.*; *see Gonzalez v. Crosby*, 545 U.S. 524, 534-35 (2005) (noting the "specific 1-year deadline for asserting three of the most open-ended grounds of relief (excusable neglect, newly discovered evidence, and fraud)").

[25] *See Moolenaar v. Gov't of Virgin Islands*, 822 F.2d 1342, 1348 (3d Cir. 1987) (noting the "strict one year limitation in which to bring an action"); *Williams v. Larkins*, No. 98-6782, 2023 WL 4552892, at *5 (E.D. Pa. Jul. 14, 2023) (differentiating between the "strict one-year statute of limitations for Rule 60(b)(2) motions set forth in Rule 60(c)(1)" from "the more flexible 'reasonable time' frame provided for Rule 60(b)(6) motions").

[26] *Id.* at 1346 n.5 ("Motions under Rule 60(b)(1)-(3) must be brought within one year of the entry of a final judgment. An appeal does not toll this time period."); *see also Lusick v. Lawrence*, 439 F. App'x 97, 99 (3d Cir. 2011) (citing *Moolenaar*, 822 F.2d at 1346 n. 5); *Droz v. Tennis*, No. 08-2441, 2009 WL 80290, at *1-2 (E.D. Pa. Jan. 8, 2009) (citing *Moolenaar*, 822 F.2d at 1346 n. 5); *Martinez v. Wynder*, No. 08-0046, 2010 WL 391476, at *4 n.5 (E.D. Pa. Jan. 22, 2010) (first citing *Moolenaar*, 822 F.2d at 1346-48; then citing *Gordon v. Monoson*, 739 F. App'x 710, 713 (3d Cir. 2011); then citing *Harvey v. Zimmerman*, No. 88-3895, 1992 WL 301290 (E.D. Pa. Oct. 14, 1992); and then citing *O'Neill v. Grace*, No. 06-2043, No. 99-3762, 2007 WL 2188506, at *2 (E.D. Pa. Jul. 26, 2007)).

[27] Fed. R. Civ. P. 60(b)(4).

---

[28] Fed. R. Civ. P. 60(b)(5).

[29] *Coltec Indus. v. Hobgood*, 280 F.3d 262, 273 (3d Cir. 2002) (quoting *In re Fine Paper Antitrust Litig.*, 840 F.2d 188 (3d Cir. 1988)).

[30] *Cox v. Horn*, 757 F.3d 113, 115 (3d Cir. 2014) (quoting *Sawka v. Healtheast, Inc.*, 989 F.2d 138, 140 (3d Cir. 1993)).